UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERRY L. JOHNSON,

                    Plaintiff,

          -against-

COURT OF APPEALS, *et al.*,

                    Defendants.

20-CV-5480 (CM)

ORDER DIRECTING PRISONER
AUTHORIZATION

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at Attica Correctional Facility, brings this action *pro se*.

To proceed with a civil action in this Court, a prisoner must either pay $400.00 in fees – a

$350.00 filing fee plus a $50.00 administrative fee – or, to request permission to proceed without

prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C.

§§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act

requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's

account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without

prepayment of fees must therefore also authorize the Court to withdraw these payments from his

account by filing a "prisoner authorization," which directs the facility where the prisoner is

incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to

send to this Court certified copies of the prisoner's account statements for the past six months.

*See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted an IFP application, but did not submit a prisoner authorization. Within

thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or complete and

---

[1] The $50.00 administrative fee for filing a civil action does not apply to persons granted
IFP status under 28 U.S.C. § 1915.

submit the attached prisoner authorization. If Plaintiff submits the prisoner authorization, it

should be labeled with docket number 20-CV-5480 (CM).[2]

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case

shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to

comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant

demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 18, 2020
         New York, New York

_____
         COLLEEN McMAHON
         Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files an action that is dismissed as frivolous or for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions *in forma pauperis* as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fee at the time of filing any new action.

2