UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERRY L. JOHNSON,<br><br>                              Plaintiff,<br><br>            -against-<br><br>COURT OF APPEALS;<br>SUPERINTENDENT Sing Sing Correctional<br>Facility,<br><br>                              Defendants. | 20-CV-5480 (LLS)<br><br>ORDER TO AMEND |

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated at Attica Correctional Facility, filed this complaint *pro se*,

alleging that Defendants violated his constitutional rights. By order dated August 13, 2020, the

Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma*

*pauperis* (IFP).[1] For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff's handwritten complaint is difficult to read, but the Court gleans from it the following facts. After Plaintiff served thirty days in punitive segregation, the underlying misconduct determination was "administratively reversed." (ECF 2 ¶ V.) Plaintiff suffers from

paranoid schizophrenia and is a practicing Muslim, and during his time in segregation he became suicidal and was not allowed to attend Jumah Services. Plaintiff is currently incarcerated at Attica Correctional Facility, but he names as a defendant the superintendent of Sing Sing Correctional Facility. The Court thus assumes that these events occurred at Sing Sing.

Plaintiff next alleges that the New York State Court of Appeals failed to properly adjudicate his filings. Plaintiff claims that the court denied his motion to waive the filing fees or to pay "on a surcharge basis," and refused to accept an untimely motion. According to Plaintiff, the untimeliness was due to "law office failure" and was a "technicality" that could have been "cured" in a "spirit of forgiveness" because there was no "prejudice" involved. (*Id.* ¶ V.) Also, Plaintiff asserts that he mailed in a motion for an extension of time to file, which the court "stamped" and returned to him, but later claimed to have never received." Plaintiff does not explain the nature of the state court action he seeks to appeal, except to identify it as "meritorious." It may have been about his time in punitive segregation, but that is not clear.

Attachments to the complaint include a June 11, 2019 New York Court of Appeals order denying Plaintiff's motion for leave to appeal an order from the New York State Supreme Court, Second Department, and a handwritten § 2254 petition challenging the June 11, 2019 order. In the § 2254 petition, Plaintiff states that he submitted to the Second Department an appeal "in the form of 'summary judgment,'" which was denied on June 17, 2017. Plaintiff also claims in the § 2254 petition that prison officials tampered with his mail "several" times. (*Id.* at 11.)

Publicly available records show that Plaintiff is incarcerated under a 2005 Erie County conviction. *See People v Johnson*, 43 A.D.3d 1422 (4th Dep't 2007), *lv to appeal denied*, 9 N.Y.3d 1035 (Jan. 10, 2008), *error coram nobis denied,* 68 A.D.3d 1823 (4th Dep't Dec. 30,

2009), *reconsideration denied*, 72 A.D.3d 1657 (4th Dep't Apr. 30, 2010), *habeas corpus petition denied*, *Johnson v. Conway*, No. 09-CV-0127, 2011 WL 382734, at *1 (W.D.N.Y. Feb. 3, 2011). Plaintiff seeks money damages. (*Id.* ¶ VI.)

## DISCUSSION

### A.    Section 1983 Claims

The Court construes the complaint to assert constitutional claims under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1.    Punitive Segregation

A § 1983 plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation,
> (2) the defendant, after being informed of the violation through a report or appeal,
> failed to remedy the wrong, (3) the defendant created a policy or custom under
> which unconstitutional practices occurred, or allowed the continuance of such a
> policy or custom, (4) the defendant was grossly negligent in supervising
> subordinates who committed the wrongful acts, or (5) the defendant exhibited
> deliberate indifference to the rights of [the plaintiff] by failing to act on
> information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

Plaintiff alleges that he served thirty days in punitive segregation for a misconduct finding that was later reversed, and that the detention had a deleterious effect on his mental health and interfered with his religious practice. These allegations could give rise to viable § 1983 claims, but Plaintiff does not name any individual defendants who were personally involved in the underlying events. Plaintiff names the Superintendent of Sing Sing Correctional Facility as a defendant, but the complaint does not contain any allegations against that individual.[3] In light of his *pro se* status, the Court grants Plaintiff leave to file an amended complaint that names proper defendants and explains their involvement in what occurred.

2.    Legal Mail Claim

Plaintiff also asserts that prison employees tampered with his mail and may have impeded his ability to litigate a meritorious claim. A claim that a prisoner's right of access to the courts has been denied may arise from the frustration or hindrance of a litigating opportunity yet to be gained." *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct "was deliberate and malicious," and "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003); *see also*

---

[2] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

[3] *See Iwachiw v. New York State Dept. of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004), *aff'd*, 396 F.3d 525 (2d Cir. 2005); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted") (citations omitted)).

*Harbury*, 536 U.S. at 415; *Lewis v. Casey,* 518 U.S. 343, 350-53 (1996). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Harbury*, 546 U.S. at 415. A mere "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith*, 784 F.2d 149, 151- 52 (2d Cir. 1986)).

The facts alleged do not state a viable claim that Plaintiff was denied the right to access the courts. The nature of the underlying matter is not clear, and Plaintiff does not explain exactly how any individual at the prison was personally involved in delaying or tampering with his mail. In short, the complaint does not give enough facts for the Court to determine whether these events resulted in actual injury to Plaintiff in the course of litigating a meritorious legal claim. If there are additional facts to support this claim, Plaintiff may present them in an amended complaint.

3.      Claim Against the Court of Appeals

Plaintiff's claim against the New York Court of Appeals cannot proceed. Section 1983 protects against deprivations of one's federally protected rights by any "person" acting under color of state law. 42 U.S.C. § 1983. A court is not a "person" within the meaning of § 1983. *Zuckerman v. Appellate Div., Second Dep't, Sup.Ct. of State of N.Y.,* 421 F.2d 625, 626 (2d Cir. 1970). Moreover, as an agency of the state of New York, "New York state courts are immune from suit under the Eleventh Amendment." *Goldberg v. Roth,* No. 99-CV-11591, 2001 WL 1622201, at *4 (S.D.N.Y. Dec. 17, 2001) (citations omitted).

For these reasons, the New York Court of Appeals is not a proper defendant, and Plaintiff's claims against it are dismissed.[4]

**B.    *Habeas Corpus* Claims**

Attached to the complaint is a *habeas corpus* petition seeking relief under 28 U.S.C. § 2254. A federal district court has jurisdiction to consider a § 2254 *habeas corpus* petition that is brought by "a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). If Plaintiff filed the § 2254 petition in connection with the time he served in punitive segregation, the petition is denied. That sentence was imposed administratively, Plaintiff has already served the sentence, and it has already been reversed. Plaintiff may seek damages under § 1983.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption[5] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the

---

[4] It is not clear who a proper court defendant would be in connection with this claim. Judges are generally immune from suit any actions taken within the scope of their judicial responsibilities, *Mireles v. Waco*, 502 U.S. 9, 11 (1991), as are nonjudicial officers, such as court clerks, who perform acts that are "'functionally comparable' to that of a judge'" or "are integrally related to an ongoing judicial proceeding." *Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004) (citations omitted).

[5] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

caption and the body of the amended complaint.[6] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the

---

[6] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-5480 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    September 2, 2020
          New York, New York

                                              _Louis L. Stanton_
                                              Louis L. Stanton
                                              U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                          State                          Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____