UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERRY L. JOHNSON,

                Plaintiff,

          -against-

COURT OF APPEALS; SUPERINTENDENT
Sing Sing Correctional Facility,

                Defendants.

20-CV-5480 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is incarcerated at Attica Correctional Facility, is proceeding *pro se* and *in forma pauperis*. Plaintiff filed a complaint alleging that Defendants violated his constitutional rights. By order dated September 2, 2020, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed a 76-page letter on November 4, 2020, which the Court construes to be Plaintiff's response to the September 2, 2020 order. The Court has reviewed that submission, and dismisses this action for the reasons set forth below.

## BACKGROUND

      Plaintiff's handwritten complaint is very difficult to read, but the Court gleans from it the following facts. After Plaintiff served 30 days in punitive segregation at Sing Sing Correctional Facility for an alleged disciplinary infraction, the determination that he had misbehaved was "administratively reversed." (ECF 2 ¶ V.) Plaintiff suffers from paranoid schizophrenia and is a practicing Muslim, and during his time in punitive segregation he became suicidal and was unable to attend Jumah Services. Plaintiff seeks money damages for the "wrongful confinement." (*Id.* ¶ VI.)

      Plaintiff also asserts that the New York State Court of Appeals mishandled his documents. According to Plaintiff, that court denied his motion to waive the filing fees and

refused to accept an untimely motion. (*Id.*) Plaintiff does not describe the nature of the underlying state court action, but it probably relates to the infraction that was administratively reversed. (*Id.* ¶ VI.) Attached to the complaint are: (1) a June 11, 2019 order of the New York Court of Appeals denying Plaintiff's motion for reconsideration of an order that denied Plaintiff leave to appeal an order from the New York State Supreme Court, Second Department; and (2) a handwritten petition under 28 U.S.C. § 2254 challenging the June 11, 2019 order. In the § 2254 petition, Plaintiff asserts that prison officials tampered with his mail on "several" occasions. (*Id.* at 11.)

Publicly available records show that Plaintiff is incarcerated under a 2005 Erie County conviction. *See People v Johnson*, 43 A.D.3d 1422 (4th Dep't 2007), *lv to appeal denied*, 9 N.Y.3d 1035 (Jan. 10, 2008), *error coram nobis denied,* 68 A.D.3d 1823 (4th Dep't Dec. 30, 2009), *reconsideration denied*, 72 A.D.3d 1657 (4th Dep't Apr. 30, 2010), *habeas corpus petition denied*, *Johnson v. Conway*, No. 09-CV-0127, 2011 WL 382734, at *1 (W.D.N.Y. Feb. 3, 2011).

In the September 2, 2020 order, the Court construed Plaintiff's pleading — which was submitted on the Court's civil rights complaint form and sought money damages for alleged constitutional violations — as arising under 42 U.S.C. § 1983. (ECF 8.) Based on Plaintiff's allegations, the Court read the complaint as asserting violations of Plaintiff's right to freely practice his religion, to disciplinary due process, and to the free flow of legal mail. The Court laid out the elements of those claims, and granted Plaintiff leave to file an amended complaint to provide facts to support those claims and to name defendants at Sing Sing who were personally involved in violating Plaintiff's rights. The Court provided Plaintiff with an amended § 1983 complaint form for his convenience.

The Court further stated in that order that any damages claims Plaintiff sought to assert against state-court judges or employees were likely barred under the doctrine of judicial immunity, and that Plaintiff's remedy for the described court proceedings would be to appeal or seek reconsideration within the state court system. Finally, the Court explained that to the extent Plaintiff sought *habeas corpus* relief under 28 U.S.C. § 2254, this District was not a proper venue to review the legality of his Erie County conviction.

Because Plaintiff submitted the amended complaint in the form of a letter, it is not clear whether Plaintiff names the same defendants or adds new defendants. The amended complaint is as difficult to read as the original pleading, but it makes clear that Plaintiff is seeking money damages under § 2254 for "wrongful confinement" and not in connection with the 2005 Erie County conviction under which he is presently in custody. According to Plaintiff, the Court sent him the wrong form, because he wishes to file a *habeas corpus* petition under § 2254, and not a civil rights action under § 1983.

## DISCUSSION

The United States district courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted these provisions as "requiring that the *habeas* petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Thus, to bring a § 2254 petition challenging a state court conviction, a petitioner must be in custody pursuant to the judgment of the state court. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). Moreover, a writ of *habeas corpus* is the appropriate vehicle for a prisoner to challenge the fact or duration of his

3

confinement, and not to obtain damages. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

Plaintiff insists that he is seeking relief under 28 U.S.C. § 2254 for injuries he suffered from either the 30 days he spent in punitive segregation, the New York State Court of Appeals' alleged mishandling of his filings, or both. But Plaintiff is currently incarcerated pursuant to a 2005 Erie County conviction, and not in connection with these other events. In addition, Plaintiff is seeking damages, not release from custody. For these reasons, relief under § 2254 is not available to Plaintiff, and it not the proper avenue for the relief he seeks.

In the September 2, 2020 order to amend — because Plaintiff's complaint sought money damages for alleged violations of his constitutional rights — the Court construed Plaintiff's claims as arising under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). The Court held that if Plaintiff sought money damages for the 30 days he spent in punitive segregation for a disciplinary penalty that was administratively reversed, he could assert those claims under § 1983 in an amended complaint, if he provided facts to support the claims. But Plaintiff's amended complaint does not comply with the September 2, 2020 order. In short, Plaintiff does not name individual defendants at Sing Sing who were personally involved in the events giving rise to this action and does not provide sufficient facts to suggest that his constitutional rights were violated.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff one final opportunity to replead his § 1983 claims.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

4

The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2254, is denied. Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court grants Plaintiff leave to file a second amended complaint to assert claims under § 1983. A Second Amended Complaint form is attached. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 20-CV-5480 (LLS). No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and cannot show good cause to excuse such failure, the Court will enter civil judgment and the matter will be closed.

SO ORDERED.

Dated: December 15, 2020
        New York, New York

                                               Louis L. Stanton
                                               U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

I.   **LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

II.   **PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name        Middle Initial        Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                State                Zip Code

III.   **PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

Page 2

## IV.     DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Page 3

## V. STATEMENT OF CLAIM

Place(s) of occurrence: 

Date(s) of occurrence: 

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                        Plaintiff's Signature

_____     _____     _____
First Name                      Middle Initial                  Last Name

_____
Prison Address

_____          _____     _____
County, City                                          State                                 Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____