UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERRY L. JOHNSON,

                Plaintiff,

         -against-                              20-CV-5480 (LLS)

COURT OF APPEALS; Superintendent of Sing        ORDER
Sing Correctional Facility,

                Defendants.

LOUIS L. STANTON, United States District Judge:

    Plaintiff, currently incarcerated at Attica Correctional Facility, is proceeding *pro se* and *in forma pauperis* (IFP). Plaintiff used the Court's prisoner civil rights complaint form and alleged that Defendants had violated his constitutional rights. In the relief section of the complaint, Plaintiff asserted that he was seeking money damages. (ECF 2 at 4.) Attached to the complaint was a request for a habeas corpus petition under 28 U.S.C. §2254, "to challenge a state court decision on a civil matter." (*Id.* at 8.)

    When Plaintiff filed his complaint, he submitted an IFP application, but he did not submit a prisoner authorization. On July 20, 2020, Chief Judge McMahon issued an order directing Plaintiff to submit the prisoner authorization. Plaintiff submitted a signed prisoner authorization on August 12, 2020, and he was granted leave to proceed IFP. (ECF 4, 6.) This matter was then reassigned to my docket.

    After giving Plaintiff leave to file an amended complaint and a second amended complaint, the Court dismissed this matter on the following grounds: (1) relief under 28 U.S.C. § 2254 was not available to Plaintiff, because he was not challenging the conviction under which he was incarcerated, and was seeking damages rather than release from custody; and (2) to seek damages for the events discussed in the complaint, Plaintiff needed to proceed under 42 U.S.C.

§ 1983, and his submissions did not provide sufficient facts to state a viable §1983 claim. (ECF 17.) Plaintiff filed a notice of appeal, which is pending.

The Court has now received letters from Plaintiff stating that he had informed the Court that he was seeking "'relief' for a 'civil appeal' because of a 'frivolous determination'" by the New York Court of Appeals; that he had "marked off 'habeas corpus' and wrote in 'civil appeal'"; and that he is "not going to pay $350.00 for a non-existent claim which [he] did not file. Monies have been taken out of [his] account for nothing. This 'error' needs to be corrected immediately." (ECF 16, 17, 18.)

## DISCUSSION

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal *in forma pauperis* [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also Bruce v. Samuels*, 136 S. Ct. 627, 630 (2016) (Congress amended the IFP statute to require "prisoners to pay filing fees for the suits or appeals they launch."). Prisoners granted IFP status are permitted to proceed *without prepaying* the entire $350.00 filing fee at the time of filing the complaint;, instead the fee is deducted from the prisoner's account in increments, as set forth in § 1915(b)(1). The obligation to pay the filing fees is imposed prior to any assessment of the merits of a complaint. *See Leonard v. Lacy*, 88 F.3d 181 (2d Cir. 1996).

Chief Judge McMahon issued two orders explaining that a prisoner bringing a civil action is required to pay the full $350.00 filing fee even when proceeding IFP. (ECF 3, 5.) Plaintiff signed a prisoner authorization form on July 27, 2020, which states: "[B]y signing below, I acknowledge that . . . if I am granted IFP status, the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it." (ECF 4.) The same form authorizes prison officials to deduct the statutorily required fees from Plaintiff's prison account.

Plaintiff used the Court's prisoner civil rights complaint form to initiate this action. Plaintiff's allegations suggested a claim under § 1983, and he sought money damages. Because Plaintiff attached to his complaint a request for a *habeas corpus* petition under § 2254, the Court construed Plaintiff's pleading as seeking relief under both § 1983 and § 2254. The Court ultimately dismissed the action because Plaintiff did not state a claim under either statute.

For these reasons, Plaintiff's request for a refund or waiving of the relevant fees must be denied.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's request for a refund or waiving of the relevant fees to bring this action is denied.

SO ORDERED.

Dated: February 25, 2021
       New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.