UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERRY L. JOHNSON,

                    Plaintiff,

          -against-                                    20-CV-5480 (LLS)

COURT OF APPEALS; SUPERINTENDENT        ORDER OF DISMISSAL
OF SING SING CORRECTIONAL
FACILITY,

                    Defendants.

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is currently incarcerated at Attica Correctional Facility, is proceeding *pro se* and *in forma pauperis* (IFP). The Court dismissed the amended complaint on December 15, 2020, with leave to file a second amended complaint. The Court now dismisses the action for the reason set forth in the December 15, 2020 order of dismissal.

## BACKGROUND AND DISCUSSION

Plaintiff filed his original pleading on the Court's prisoner civil rights complaint form, setting forth the following allegations against the New York Court of Appeals and the Superintendent of Sing Sing Correctional Facility: (1) after Plaintiff served thirty days in punitive segregation at Sing Sing, the underlying misconduct determination was administratively reversed; (2) the New York Court of Appeals failed to properly handle Plaintiff's submissions; and (3) Plaintiff, who suffers from paranoid schizophrenia and is a practicing Muslim, became suicidal and was not allowed to attend Jumah Services while in segregation. (ECF 2.) Plaintiff sought money damages. Attached to the complaint was also a request for a form to file a *habeas corpus* petition under 28 U.S.C. §2254, "to challenge a state court decision on a civil matter." (*Id.* at 4, 8.)

By order dated September 2, 2020, the Court directed Plaintiff to amend his complaint because his original pleading was very difficult to both read and understand. (ECF 8.) In short summary, that order informed Plaintiff that (1) to seek damages for the events discussed in the complaint, he needed to proceed under 42 U.S.C. § 1983, and the complaint did not provide sufficient facts to state a viable §1983 claim; and (2) relief under 28 U.S.C. § 2254 was not available to Plaintiff, because he was not challenging the conviction under which he was incarcerated, and was seeking damages rather than release.[1]

Plaintiff filed an amended complaint reiterating his wish to proceed solely under § 2254. The amended complaint did not clarify whether Plaintiff sought § 2254 relief for the 30 days he had spent in punitive segregation, the manner in which the New York State Court of Appeals had handled his filings, or both.

By order dated December 15, 2020, the Court dismissed the amended complaint because: (1) relief under § 2254 was not available based on the facts alleged; and (2) relief under § 1983 appeared to be available to Plaintiff, but the amended complaint did not provide sufficient facts or name proper defendants. The Court granted Plaintiff thirty days to replead the § 1983 claims in a second amended complaint, and specified that failure to comply would result in dismissal and entry of judgment.[2] (ECF 11.)

---

[1] Plaintiff is incarcerated under a 2005 Erie County conviction, and he previously sought § 2254 relief in connection with that conviction. *See People v Johnson*, 43 A.D.3d 1422 (4th Dep't 2007), *lv to appeal denied*, 9 N.Y.3d 1035 (Jan. 10, 2008), *error coram nobis denied,* 68 A.D.3d 1823 (4th Dep't Dec. 30, 2009), *reconsideration denied*, 72 A.D.3d 1657 (4th Dep't Apr. 30, 2010), *habeas corpus petition denied*, *Johnson v. Conway*, No. 09-CV-0127, 2011 WL 382734, at *1 (W.D.N.Y. Feb. 3, 2011).

[2] On January 1, 2021, Plaintiff filed a notice of appeal. By order dated January 22, 2021, the Court: (1) held that the notice of appeal was premature because only nonfinal orders had been issued, none of which have been certified for interlocutory appeal; and (2) granted Plaintiff another thirty days to submit a second amended complaint. (ECF 13.)

Plaintiff has now submitted two substantially similar letters stating that he wishes to proceed under § 2254, in connection with the

> 'denial' of the 'Court of Appeals' deriving from a 'state claim' in the 'Court of Claims' for 'wrongful confinement.' This is the 'underlying claim' of the 'appeal' which should have been reviewed by the 'Court of Appeals.'

(ECF 15, 16.) Plaintiff reiterates that "there is no 1983" claim. (*Id.*) Plaintiff adds no facts in support of his claims and does not add any new defendants.

Even if the Court construes Plaintiff's letters as a second amended complaint, he does not state a claim under § 1983. And, as previously explained by the Court, Plaintiff cannot proceed under §2254. The action is therefore dismissed for failure to state a claim and because Plaintiff names defendants immune from liability, as set forth in the December 15, 2020 order.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123‑24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with further amendment, the Court declines to grant Plaintiff leave to further amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. This matter is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). The Clerk of Court is directed to issue judgment and to close this case.

The Clerk of Court is further directed to process Plaintiff's notice of appeal.

SO ORDERED.

Dated:   February 23, 2021
       New York, New York

                                   *Louis L. Stanton*
                                     Louis L. Stanton
                                     U.S.D.J.

3